IVES *ads.* JONES.

QUESTION of costs. On the 26th September, the plaintiff served a replication on the defendant's attorney, and at the same time delivered a notice of trial for the Oneida circuit, to be holden on the 6th of October. On the 30th September, the defendant gave notice of a motion for a commission, accompanied with an affidavit of the materiality of the evidence which he wished to obtain. Intermediate the service of the notice of trial and the service of the notice for a commission, the plaintiff prepared his cause for trial, by making up his *nisi prius* roll, issuing venire, subpœnas, and retaining counsel. The plaintiff did not resist the motion for the commission, but insisted that it should be granted upon terms, viz. the payment of the costs of preparing for trial, and of opposing this motion, the defendant not having offered to pay the costs. The defendant made affidavit on the 29th September, that since the issue was joined, he had not had time to ascertain precisely the place of residence of the witness whose testimony he wished to procure; and it further appear-

Where a defendant gives notice of his intention to apply for a commission to examine witnesses, after he has received notice of trial, he will not be compelled to pay the costs of preparing for trial, if he has used due diligence.

Johnson
v.
Jackson.

ed, that the attornies of the parties resided at the distance of eighteen miles from each other.

*J. A. Spencer,* for defendant.

*S. Beardsley,* for plaintiff.

*By the Court,* SAVAGE, Ch. J.   The rule laid down in 1 *Johns. Cases,* 391, is, that if the defendant intends to sue out a commission, he ought to give notice of it before he receives notice of trial, or within a reasonable time after issue is joined, according to the circumstances of the case, and such notice will stay the proceedings.   But if he *waits* until he receives notice of trial, before he gives notice of his intention to apply for a commission, he must pay the costs to that time. This rule has never been intentionally departed from by the court.   In all cases where costs have been ordered to be paid, they have been so ordered upon the ground that the defendant did not use due diligence in giving notice of his motion. No such charge can be made against the defendant in this case.   Notice of trial was served with the replication, and the defendant gave as early notice as was possible under the circumstances.   He is, therefore, entitled to his motion unconditionally, and the costs must abide the event of the cause.